UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CELINE LOH XIAO HAN; VANNESSA CHAO WAN YI; SUPPHATTRA SONBANKOH; JHOAM FELIPE TOLEDO VILLAMIZAR; LIZETTHE NATALIA TORRES JAIMES; and VICTOR JOSHUE ROCAFUERTE ALAY,

                Plaintiffs,

-against-

INTEREXCHANGE, INC.; EIFFEL REDDINGS, LLC d/b/a MARIE EIFFEL MARKET; MARIE EIFFEL, LLC d/b/a MARIE EIFFEL MARKET; REDDINGS MARKET, LLC d/b/a MARIE EIFFEL MARKET; and MARIE EIFFEL,

                Defendants.

Case No. 1:23-cv-07786 (JLR)

**ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

On December 10, 2024, the Court ordered Plaintiffs' depositions to proceed in-person in New York as noticed by the Defendants. In so ruling, the Court acknowledged that Plaintiffs had elected to proceed in this forum and noted that witness credibility and demeanor are central to this case. On February 13, 2025, Plaintiffs' counsel relayed that some of the Plaintiffs were having difficulty traveling to the United States because of visa issues. In order to assist in the visa process, the Court issued orders directing each of the Plaintiffs to appear in New York for in-person depositions in this action that could be presented to the international authorities. *See* Dkts. 116-122. On March 26, 2025, Plaintiffs' counsel provided a status update that three of the six Plaintiffs had obtained visas and their depositions were being scheduled. However, Plaintiffs' counsel detailed the difficulties that two Plaintiffs, Jhoam Felipe Toledo Villamizar ("Felipe") and Lizetthe Natalia Torres Jaimes ("Natalia"), both of whom are Colombian nationals, were having in obtaining visas, despite diligent efforts. Dkt. 131 at 2. In light of this update, on March 27, 2025, the Court ordered the

1

depositions for Plaintiffs Felipe and Natalia to proceed remotely. Dkt. 132. The Court thereafter held this order in abeyance to provide the Defendants an opportunity to respond. On April 3, 2025, Plaintiff's counsel provided a further status update, stating that approval of Plaintiff Victor Joshue Rocafuerte Alay ("Victor")'s application through the Electronic System for Travel Authorization ("ESTA") was progressing, and that Natalia had since successfully obtained her travel visa. Dkt 138. Plaintiff's counsel stated that there had been no further changes with respect to Felipe, and renewed its request for Felipe to be deposed remotely. *Id.*

Now having the benefit of the Eiffel Defendants and Defendant InterExchange Inc. (IEx)'s letters on the issue, *see* Dkts. 136, 137, as well as Plaintiff's status update, Dkt. 138, the Court continues to hold that Felipe is not required to travel to the United States for his deposition because he has been unable to obtain a visa despite diligent efforts. Specifically, Felipe applied for a visa and it was denied under Section 214(b) because he was "not able to demonstrate that [his] intended activities in the United States would be consistent with the classification of the nonimmigrant visa for which [he applied]" and he failed to demonstrate he has necessary ties that will compel him to return to his home country after traveling to the United States. Dkt 132.[1]

However, the Court will revise its March 27, 2025 Order in light of the Eiffel Defendants' new offer to hold Felipe's deposition in Colombia if Plaintiff bears the cost of

---

[1] The Court is unpersuaded by Defendant's reliance on *Wei Su v. Sotheby's, Inc.*, No. 17-cv-04577 (VEC), 2019 WL 4053917, at *2, n.5 (S.D.N.Y. Aug. 28, 2019) because in that case, unlike here, the plaintiff did not provide any facts in support of his assertion that he was unable to obtain a visa. In the instant matter, Plaintiffs' counsel has provided such facts. *MPD Accessories, B.V. v. Urban Outfitters, Inc.*, No. 12-cv-07259 (RJS), 2013 WL 1200359, at *1 (S.D.N.Y. March 1, 2013) is similarly inapposite because the plaintiff in *MPD* simply argued that it would be burdened by obtaining visas for its employees and transporting them to New York. Here, Felipe has made diligent efforts to obtain a visa and it was denied.

2

lodging and travel for defense counsel. Dkt. 136.[2] Therefore, the Court shall vacate its March 27, 2025 order permitting remote depositions and allow Felipe's deposition to proceed in-person in his home country of Colombia, if he remains unable to procure a visa and travel to the United States for his deposition. Defendants, consistent with their obligations for taking depositions in New York, will pay for the costs of securing a location, translators, court reporters, and videographers. Because the remote location is an accommodation to Felipe, Plaintiffs shall be responsible for reasonable travel and lodging expenses for one attorney on behalf of the Eiffel Defendants and one attorney on behalf of IEx.[3] Plaintiffs' payment for Defendants' travel costs would not impose an undue burden on Plaintiffs given that Plaintiffs would have been responsible for the costs of travel and lodging for Felipe's depositions in New York, and this arrangement strikes a fair compromise given the "general presumption that a plaintiff who chooses a particular forum should be prepared to be deposed in that forum." *Connell v. City of New York*, 230 F. Supp. 2d 432, 436 (S.D.N.Y. 2020) (citing *Clem. v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939 (S.D.N.Y. 1984)); *see also Wei Su v. Sotheby's, Inc.*, No. 17-cv-04577 (VEC), 2019 WL 4053917, at *3, n.8 (S.D.N.Y. Aug. 28, 2019) (requiring Plaintiff to bear the reasonable travel costs for Defendant to take Plaintiff's deposition outside of forum district of New York); *Consolidated Rail Corp. v. Primary Indus. Corp.*, No. 92-cv-04927 (PNL), 92-cv-06313 (PNL), 1993 WL 364471, at *2 (S.D.N.Y. Sept.

---

[2] IEx states that it "anticipates" that it will join in the Eiffel Defendants' proposal if the remaining Plaintiffs are unable to procure visas and provide adequate verification, Dkt. 137. Given that Plaintiffs' counsel has represented to the Court that Felipe has received a denial of his visa application, there is a sufficient basis to find that Felipe is unable to obtain a visa at this time.

[3] To avoid further dispute, reasonable travel and hotel accommodations consist of coach airfare and non-luxury hotel costs.

10, 1993) (requiring plaintiff to bear costs of conducting deposition of plaintiff's employees out of forum district given that plaintiff is "normally expected to produce its witnesses for deposition in the forum district").  If Felipe is able to procure a visa through reapplication or otherwise, the deposition shall take place in New York.  If Defendants are unwilling to travel to Colombia under the above conditions, Felipe's deposition shall take place remotely.

The Court shall not issue any further ruling with respect to Victor at this time given that his ESTA process is progressing.  Plaintiffs shall provide a further status update with respect to Victor's efforts to travel to the United States by April 30, 2025.

For the foregoing reasons, the Court shall vacate its Order at Dkt. 132 and the parties shall proceed consistent with the present Order.

Dated: April 7, 2025
       New York, New York

                                    SO ORDERED.

                                    *Jennifer Rochon*
                                    JENNIFER L. ROCHON
                                    United States District Judge

4