

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Michael Goettig**
212.603.6498 tel
212.379.5202 fax

michaelgoettig@dwt.com

June 12, 2025

**VIA EMAIL**
Honorable Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Han, et al., v. InterExchange, Inc., et al.,* SDNY Case No. 23-cv-7786

Dear Judge Rochon:

      This firm represents defendant InterExchange, Inc. ("IEx") in the above-referenced action. We write in response to Plaintiffs' June 9, 2025 letter (the "Letter") (Dkt. No. 164) concerning two documents that IEx has marked as "Confidential" pursuant to the terms of the May 3, 2024 Protective Order (the "Protective Order) (Dkt. No. 61).  For the reasons set forth below, the confidentiality designations on these documents should be maintained on the grounds that they contain information concerning the employment history of non-parties.  IEx further respectfully submits that this matter does not require judicial intervention because Plaintiffs may file the documents in question under seal without Your Honor's leave pursuant to Rule 4(B)(i) of the Court's individual rules of practice.

      On June 5, 2025, Plaintiffs' counsel informed IEx that it intended to file with the Court five documents IEx marked as "Confidential" and inquired whether IEx maintained their designations on those documents.  In response, IEx agreed to remove the confidentiality designations on three of the five documents, as those documents involved Plaintiffs (who have presumably consented to aspects of their employment history being made publicly available in connection with this lawsuit).  IEx did not consent, however, to remove the confidentiality designations on two documents which involve the employment history of non-parties. Significantly, one of these non-parties is a former plaintiff in this action and has stated a desire to no longer be associated with this litigation.

      IEx marked these documents as "Confidential" pursuant to Section 2(d) of the Protective Order which permits "any information of a personal or intimate nature" to be designated as "Confidential."  Out of respect for the non-parties and an abundance of caution, IEx stated that, if opposing counsel had obtained permission from either of the non-parties for the public filing of their employment information, IEx had no objection to the removal of the "Confidential"

Jennifer L. Rochon, U.S.D. J.
June 12, 2025
Page 2

designations – but in the absence of that consent, it maintained that designation. Opposing counsel did not respond, and instead filed the Letter on Monday.

The Southern District of New York's Privacy Policy[1] specifically identifies documents containing an individual's employment history as those as to which counsel are advised to "exercise caution" when filing. Rule 4(B)(i) of this Court's individual rules of practice permits counsel to file documents containing an individual's employment history "without Court approval." As such, Plaintiffs' Letter is a waste of judicial resources and should be disregarded.[2]

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Michael Goettig

Michael Goettig

cc: Counsel for all parties

---

"A court must evaluate a request to seal under both 'a common law right of public access to judicial documents,' and the press and public's 'qualified First Amendment right to attend judicial proceedings and to access judicial documents.'" *Fleming Intermediate Holdings LLC v. James River Group Holdings Ltd.*, No. 1:24-cv-05335 (JLR), 2024 WL 4700013, at *2 (S.D.N.Y. Nov. 6, 2024) *(quoting Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 -20 (2d Cir. 2006)). Although the common law right of public access to judicial documents is "firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (3d Cir. 2006) (quotation marks and citation omitted); *see Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Here, competing considerations, including the "privacy interests of third parties," *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542 (VSB), 14-mc-2542 (VSB), 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023) (internal citation omitted), weigh in favor of targeted redactions. The Court therefore orders Plaintiffs to file the documents at Dkts. 165 and 166 with targeted redactions to omit personally identifying information, including names, personal emails, and dates of birth. The remainder of the documents do not warrant sealing. The Clerk of Court is respectfully directed to terminate Dkt. 164.

**SO ORDERED.**

Dated: June 13, 2025
    New York, New York

_/s/ Jennifer Rochon_
**JENNIFER L. ROCHON**
**United States District Judge**

---

[1] https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf,

[2] This is not the first time that Plaintiffs' counsel have sought judicial intervention either prematurely or unnecessarily. As the Court may recall, on November 27, 2024, Plaintiffs' counsel sought judicial intervention on a host of matters that were subsequently resolved through further discussions between counsel. *See* Dkt. Nos. 80, 86.