**Davis Wright Tremaine** LLP

**Michael Goettig**
212.603.6498 tel
212.379.5202 fax

michaelgoettig@dwt.com

Request GRANTED.  The discovery conference scheduled for February 11, 2026, shall be adjourned to February 26, 2026, at 10:30 a.m.  The Teams log-in information will remain the same, and counsel are reminded to submit an appearance sheet beforehand.

February 9, 2026

**SO ORDERED.**

Dated: February 10, 2026
New York, New York

*Jennifer Rochon*

**VIA ECF**

**JENNIFER L. ROCHON**
**United States District Judge**

Jennifer L. Rochon, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re:     *Han et al. v. InterExchange Inc., et al.*; No. 23-cv-07786

Your Honor:

This firm represents the defendant InterExchange Inc. ("IEx") in the above-referenced action.  Pursuant to Rule 1(F) of the Court's individual rules of practice, I write in reference to the Court's recent order scheduling a telephonic conference for 12:30 on February 11, 2026 (Dkt. No. 206).  Because the time of that conference conflicts with a mediation I am scheduled to attend in another matter, I respectfully request a brief adjournment of the conference before Your Honor.  Counsel for the plaintiffs and the Eiffel defendants do not oppose this request, and have advised that they are available for an adjourned conference call with the Court on February 12 or 26.

I also write to provide the Court with notice of our intent to file a motion for sanctions against counsel for the plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure with our anticipated motion for summary judgment.  On January 13, 2026, IEx served Plaintiffs' counsel with a draft Notice of Motion and accompanying letter setting forth the grounds upon which IEx intended to seek an award of sanctions.[1]  *See Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce*, 682 F. 3d 170 (2d Cir. 2012) (moving party "met the procedural requirements of the safe harbor provision of Rule 11(c)(2) by serving its notice of motion for Rule 11 sanctions with its January 9, 2008, letter, even though it did not serve at that time supporting affidavits or a memorandum of law").  Plaintiff's counsel failed to correct the deficiencies within Rule 11's 21-day safe-harbor period.  In the interest of efficient administration of this matter, IEx proposes that its Rule 11 motion be filed in connection with its anticipated motion for summary judgment.  IEx presents this issue here out of an abundance of caution to foreclose any argument that it has waived the right to seek sanctions by waiting until that time.

---

[1] Purely by way of example, discovery has revealed that none of the plaintiffs put IEx on notice of their claims that Marie Eiffel physically assaulted them, spanked their buttocks or groped their breasts.  What's more, at her deposition, the plaintiff Vanessa Chao Wan Yi specifically denied that Marie Eiffel "Slid her finger down Vanessa's pants between the cheeks of her buttocks and touched her anus," as alleged in paragraph 94 of the complaint.

Jennifer L. Rochon, U.S.D.J.
February 9, 2026
Page 2

       We thank the Court for its attention to this request.

                     Respectfully submitted,

                     /s/ Michael Goettig

                     Michael Goettig

Cc: counsel for all parties