Michael Crampton
Attorney at Law
Phone: 954.364.6021   Fax: 954.985.4176
mcrampton@beckerlawyers.com

1 East Broward Blvd.
Suite 1800
Ft. Lauderdale, FL 33301

**Becker**

The Court, having reviewed this request and Plaintiffs' opposition at Dkt. 222, GRANTS the extension and will accept the Eiffel Defendants' pre-motion conference letter as filed at Dkt. 219-1. Plaintiffs may file a letter in opposition prior to the April 28, 2026 conference.  The Clerk of Court is respectfully directed to close the motion at Dkt. 219.

April 15, 2026

Dated: April 20, 2026
New York, New York

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

**Via ECF**

The Honorable Jennifer L. Rochon, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re:    **Request for Extension of Time to File Pre-Motion Conference Letter**
       *Han, et al. v. InterExchange Inc., et al.*, **Case No. 23-cv-07786**

Dear Judge Rochon:

The defendants, Marie Eiffel, Eiffel Reddings, LLC, Marie Eiffel, LLC, and Reddings Market, LLC (collectively, the "Eiffel Defendants"), present this letter under Local Civil Rule 37.2 and Your Honor's Individual Rules of Practice 3(I)(i) to request a short extension, through April 15, 2026, of the Eiffel Defendants' deadline to file a letter requesting the post-discovery conference serve as a pre-motion conference. The parties conferred regarding the motion on April 14 and 15, 2026. Co-defendant InterExchange, Inc., does not object to the relief requested in this motion and Plaintiffs object to the extension as untimely.

**I.      Procedural Background**

On March 25, 2026, the parties filed a Joint Letter Motion for Extension of the Expert Disclosure Deadline to allow for the deposition of Plaintiffs' expert. [Dkt. No. 214]. On March 27, 2026, the Court granted the requested extension and re-set the post-discovery conference for April 28, 2026. [Dkt No. 216]. The parties conducted the deposition of Plaintiffs' expert, Dr. Rosenfeld, on April 13, 2026.

**II.     The Court Should Extend the Deadline for the Eiffel Defendants to Request the Post-Discovery Conference Serve as a Pre-Motion Conference**

The Eiffel Defendants respectfully request a brief extension of time, until April 16, 2026, to file a letter requesting the post-discovery conference serve as a pre-motion conference. The Eiffel Defendants anticipate filing motions for summary judgement on Plaintiffs' Counts 1-2, 10, and 16-17 of Plaintiffs' Complaint and to exclude Plaintiffs' expert witness.

Under Your Honor's Individual Rules of Practice Section 3(I)(i), a party seeking summary judgment or to exclude an expert witness must request a pre-motion conference no later than three

April 15, 2026
Page 2

weeks before the post-discovery conference. That deadline fell on April 7, 2026, and the Eiffel Defendants acknowledge that this request is out of time.

Although the request is untimely, the delay is the result of excusable neglect under Federal Rule of Civil Procedure 6(b)(2). *See* Fed. R. Civ. P. 6(b)(2). To demonstrate excusable neglect under the Rule, the Eiffel Defendants must show (1) a reasonable basis for noncompliance within the time specified, and (2) good faith. *See Freedom Mortg. Corp. v. Williams*, No. 19-CV-4123 (ENV), 2022 WL 866854, at *2 (E.D.N.Y. Mar. 23, 2022). Excusable neglect is a somewhat "elastic concept" not limited strictly to omissions caused by circumstances beyond the control of the movant but "may also delays caused by inadvertence, mistake, or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." *Adejola v. Barr*, 439 F. Supp. 3d 120, 125 (W.D.N.Y. 2020); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnote omitted). The Eiffel Defendants intend to request a pre-motion conference on two motions, a *Daub*ert motion to exclude Plaintiffs' expert witness and motions for summary judgment on Counts 1-2 and 16-17 of Plaintiffs' Complaint. *See* April 15, 2026 letter attached as Exhibit 1.

The Eiffel Defendants could not reasonably determine whether a *Daubert* motion would be appropriate until after Dr. Rosenfeld's deposition, which did not occur until six days after the deadline. Prior to that deposition, the factual and methodological bases for seeking to exclude the expert's testimony were not fully apparent.

The Eiffel Defendants missed the deadline to file a pre-motion conference request for its summary judgment motions due to inadvertent error, not bad faith. The undersigned firm utilizes the Court Alert application to automatically calendar deadlines. After the Court re-set the post-discovery conference, the Court Alert system failed to calendar the revised deadline to request that the post-discovery conference serve as a pre-motion conference. During this period, the Eiffel Defendants were diligently focusing their efforts on preparing for and conducting the deposition of Plaintiffs' expert. At no time did the Eiffel Defendants act strategically or seek to gain an unfair advantage.

The requested extension will not prejudice any party. The post-discovery conference will proceed as scheduled on April 28, 2026, and Defendant/crossclaim plaintiff InterExchange, Inc. has already requested a pre-motion conference. The Court and Plaintiffs will be addressing anticipated dispositive motions at the April 28, 2026 conference. Permitting the Eiffel Defendants to submit a similar request does not meaningfully alter the schedule or expand the proceedings. It will simply allow the Court to consider all anticipated motions together without any unfair surprise to Plaintiffs. The Eiffel Defendants' intended motions may also narrow the claims and focus the case for trial on genuinely disputed issues, promoting efficiency and judicial economy.

## III.    Conclusion

The Eiffel Defendants request that the Court grant this motion and extend the deadline for the Eiffel Defendants to file a request for a pre-motion conference until Wednesday, April 15, 2026.

April 15, 2026
Page 3

Respectfully,

Michael Crampton
For the Firm

31015005.v2