**Davis Wright Tremaine** LLP

42nd Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Michael Goettig**
212-603-6498 tel
212-489-8340 fax

michaelgoettig@dwt.com

June 10, 2026

**VIA ECF**

Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20B
New York, New York 10007

      Re:    *Han, et al., v. InterExchange, Inc., et al.*
               Case No. 23-cv-7786

Your Honor,

This firm represents InterExchange, Inc. ("IEx") in the above-referenced matter. I write pursuant to Rule 4(B) of the Court's individual rules of practice to seek the Court's approval of the protocol proposed herein for the filing of documents concerning information about third parties unrelated to this dispute in redacted form and/or under seal.

As the Court is aware, IEx was the J-1 visa sponsor for each of the Plaintiffs in this action, all of whom were citizens of foreign countries who wished to spend time working in the United States in connection with the State Department's Summer Work Travel Program (the "Program"). Plaintiffs' counsel is scheduled to file documents in opposition to IEx's motion for summary judgment on June 16, 2026.  Counsel for all parties have met and conferred concerning Plaintiffs' stated intent to submit documents concerning prior Program participants' experiences at the Marie Eiffel Market.  IEx objects to those anticipated filings on the grounds that they would disclose those participants' employment history in tension with the Section 4(B)(i) of the Court's individual rules (which incorporates by reference the SDNY ECF Privacy Policy's caution again the disclosure of information about third parties' employment history), and that such filings are outside the scope of IEx's agreement with those participants.

IEx's processing of the personal information it collects from Program participants (including Plaintiffs) is subject to its privacy policy, a copy of which is attached as Exhibit A (the "Privacy Policy").  While the Privacy Policy puts participants on notice that their personal information may be disclosed for the purpose of "legal compliance" (pursuant to which IEx disclosed documents concerning certain participants, subject to the protective order entered in this matter (Dkt. Doc. 61)), it does not contemplate IEx's consent to public disclosure of participants' personal information.  Neither IEx nor Plaintiffs' counsel has obtained the consent of any participant other than the Plaintiffs in this action for the public disclosure of their personal

information or employment history.  Moreover, at least one of the participants whose personal information on which Plaintiffs' counsel intends to rely has disclaimed any desire or intent to participate in this lawsuit.

Accordingly, IEx respectfully requests that the Court enter an order that any document filed in connection with this action that (i) has been produced by IEx, and (ii) contains information concerning prior Program participants who are not Plaintiffs be redacted to remove their names, citizenship, prior employment history and other personal information as defined in IEx's Privacy Policy, and filed in accordance with the procedures set forth in Section 4(B)(iii) of the Court's individual rules of practice.  This includes passages of IEx witness deposition transcripts concerning participants who are not parties to this action.  While Plaintiffs take no position on the confidentiality of these materials and reserve the right to later contest the same, counsel for Plaintiffs have agreed to this proposed protocol, and have proposed that specific references to prior Program participants be in the form of reference to "Participant A," "Participant B," and so on, which is acceptable to IEx.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Michael Goettig*

Michael Goettig

Cc: counsel of record

The parties need not seek the Court's permission to apply redactions to remove employment history information and other categories of sensitive information.  *See* Indiv. R. 4(B)(1). To the extent the parties wish to apply redactions that require the Court's approval, they must comply with the Court's Individual Rules, which require that the letter motion seeking approval of those redactions be filed "[a]t the same time" as the document containing the proposed redactions. Indiv. R. 4(B)(iii)(c).  Should Plaintiffs file any document that InterExchange believes should be redacted or sealed, InterExchange may move for that relief at the appropriate time.

Dated:  June 11, 2026
       New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

2